United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JOSEPH MCINERNEY,                    No   C-03-1358 VRW

12          Plaintiff,                         ORDER

13          v

14   SAN FRANCISCO HOUSING AUTHORITY
     et al,
15
            Defendant.
16
     _____/
17

18          Plaintiff has filed a complaint against a long list of

19   defendants alleging a conspiracy to violate a variety of statutes

20   in the course of evicting him from housing under the authority of

21   defendant San Francisco Housing Authority (SFHA).  Compl (Doc #1).

22   SFHA moves pursuant to FRCP 12(b)(6) to dismiss the complaint for

23   failure to state a claim upon which relief can be granted.  Doc

24   #23.  The gravamen of the motion is this:

25          [The complaint] appears grounded in a
            conspiracy to violate civil rights, and
26          deprivation of civil rights.  But the complaint
            is vague and conclusory, and fails to identify
27          [SFHA's] role in the conspiracy or deprivation.
            Indeed, McInerney cites numerous statutes and
28          amendments, * * * [y]et he fails to describe

United States District Court

For the Northern District of California

1
2

> how [SFHA] conspired to violate the statutes
> and amendments, or how it deprived him of any
> civil rights provided under each.

3   Id at 4-5.  The court disagrees that the complaint fails to allege

4   how SFHA conspired; after all, SFHA was allegedly in charge of

5   plaintiff's housing at the time he was evicted.  But the complaint

6   does indeed lack allegations establishing how the alleged

7   conspiracy violated any of the numerous statutory and

8   constitutional provisions cited by plaintiff.

9        Plaintiff's opposition does little to respond

10  specifically to this contention.  He argues that the allegations of

11  the complaint "disclose a pattern of wilful misconduct with the

12  intent to vex and annoy and oppress plaintiff implying collusion

13  with the objectives of defendant's unlawful eviction of plaintiff."

14  Pl Opp (Doc #25) at 2-3.  While the allegations of the complaint

15  may establish that SFHA "vex[ed] and annoy[ed] and oppress[ed]"

16  plaintiff, these are not violations of the law.  To the extent

17  plaintiff seeks to re-litigate the merits of his eviction, the

18  allegations of the complaint itself signal that such a challenge

19  would be barred by res judicata.  To the extent plaintiff

20  challenges judicial acts in the eviction proceeding, such a

21  challenge would be barred by judicial immunity or the Rooker-

22  Feldman doctrine.  Beyond this, there is nothing in the complaint

23  to establish violations of the statutory and constitutional

24  provisions that plaintiff cites.

25       Accordingly, SFHA's motion to dismiss (Doc #25) is

26  GRANTED.  Plaintiff may file an amended complaint not later than

27  May 31, 2005.

28       One other matter remains:  In its order dated February

**2**

23, 2005 (Doc #21) extending the time under FRCP 4(m) for plaintiff to serve his complaint, the court admonished plaintiff that a failure to serve any defendant by April 15, 2005, would result in dismissal without prejudice of the complaint as to that defendant. It appears that only SFHA and the City and County of San Francisco have been served.  Accordingly, the complaint is DISMISSED without prejudice as to all other defendants.

IT IS SO ORDERED.

_____/s/_____

VAUGHN R WALKER

United States District Chief Judge